# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2249

_____

Lazarus Daniel Kajigi,

          Petitioner,

v.

Eric H. Holder, Jr.,[1] Attorney General
of the United States; Janet Napolitano,[2]
Secretary of the Department of
Homeland Security,

          Respondents.

\*
\*
\*
\*
\* Petition for Review of
\* an Order of the Board
\* of Immigration Appeals.
\*
\*
\* [UNPUBLISHED]
\*
\*
\*

_____

Submitted: October 6, 2009
Filed: October 9, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

_____

[1]Eric H. Holder, Jr., has been appointed to serve as Attorney General of the United States and is substituted as respondent pursuant to Rule 43(c) of the Federal Rules of Appellate Procedure.

[2]Janet Napolitano has been appointed to serve as Secretary of the Department of Homeland Security and is substituted as respondent pursuant to Rule 43(c) of the Federal Rules of Appellate Procedure.

Kenyan citizen Lazarus Daniel Kajigi petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of Kajigi's application for asylum and withholding of removal. We deny the petition.

Having reviewed the denial of asylum under the substantial-evidence standard, see Khrystotodorov v. Mukasey, 551 F.3d 775, 781 (8th Cir. 2008), we uphold the conclusion that Kajigi did not suffer past persecution on account of his political opinion, see Darwich v. Holder, No. 08-2888, 2009 WL 1490585, at *6 (7th Cir. May 8, 2009) (holding that asylum-seekers who have been persecuted for exposing political corruption, such as whistle blowers, may qualify for asylum based on political opinion, but must have publicly exposed the corruption at issue), and did not offer credible, specific evidence that a reasonable person in his position would fear persecution if returned to Kenya, see Makatengkeng v. Gonzales, 495 F.3d 876, 881 (8th Cir. 2007) (stating standard for showing a well-founded fear of future persecution); Huang v. INS, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (noting that "[i]n the absence of solid support in record for" an alien's assertion that he would be persecuted, his fear was "speculative at best"); Bernal-Rendon v. Gonzales, 419 F.3d 877, 881 (8th Cir. 2005) (observing that an alien's fear of persecution is reduced when his family remains unharmed in his native country). Because Kajigi failed to meet the lower burden of proof on his asylum claim, his claim for withholding of removal must fail as well. See Makatengkeng, 495 F.3d at 885.

Finally, Kajigi failed to show that the alleged due process violation was prejudicial or "had the potential for affecting the outcome" of his hearing. See Banat v. Holder, 557 F.3d 886, 893 (8th Cir. 2009) (citations omitted).

_____